## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**ANTHONY LEON SIMPSON,**

**Plaintiff,**

-vs-                                                              **Case No.  6:13-cv-736-Orl-31DAB**

**COMMISSIONER OF SOCIAL
SECURITY,**

**Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on review of the Commissioner's

administrative decision to deny Plaintiff's application for Supplemental Security Income and

disability insurance benefits.  For the reasons set forth herein, it is **respectfully recommended** that

the decision of the Commissioner be **AFFIRMED.**

## Procedural History

Plaintiff applied for a period of disability and disability insurance benefits and for

supplemental security income, alleging that he became unable to work on January 18, 2009 (R. 149-

155). The agency denied Plaintiff's applications initially and upon reconsideration, and he requested

and received a hearing before an administrative law judge ("the ALJ").   The ALJ issued an

unfavorable decision, finding Plaintiff to be not disabled (R. 18-31).  The Appeals Council declined

to grant review (R. 3-9), making the ALJ's decision the final decision of the Commissioner.

Plaintiff timely filed his complaint in this action, and the matter has been referred to the

undersigned United States Magistrate Judge.  The matter has been fully briefed and the case is now

ripe for review pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3).

# Nature of Claimed Disability

Plaintiff claims to be disabled due to "dilated cardiomyopathy" and residual fatigue and weakness (R. 171).

*Summary of Evidence Before the ALJ*

Plaintiff was thirty nine years old as of the alleged onset date (R. 152), with a high school education and past relevant work as a dispatcher, delivery truck driver, warehouse worker, and glasscutter (R. 55-56, 175).

The medical evidence relating to the pertinent time period is well detailed in the ALJ's opinion and in the interest of privacy and brevity will not be repeated here, except as necessary to address Plaintiff's objections.  In addition to the medical records of the treating providers, the record includes Plaintiff's testimony and that of a Vocational Expert ("the VE"), written forms and reports completed by Plaintiff, and opinions from state agency consultants.  By way of summary, the ALJ determined that Plaintiff had the severe impairments of congenital aortic stenosis and hypertension (20 CFR 404.1520(c) and 416.920(c)) (R. 23); and the record supports this uncontested finding.  The ALJ determined that through the date of the decision (December 30, 2010), the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (R. 23). The ALJ then found that Plaintiff had the residual functional capacity ("RFC") to perform a range of sedentary work, noting that the claimant:

> has the residual functional capacity to perform work that does not require: exertion above the sedentary level (20 CFR 404.1567(a) and 416.967(a)); or more than occasional climbing balancing, stooping, kneeling, crouching, or crawling; or exposure to hazards, including heights, dangerous machinery, or driving; and that allows the alternating of sitting and standing at will.

(R. 24).

The ALJ determined that Plaintiff could not return to his past relevant work (R. 25); however, with the assistance of a vocational expert, the ALJ found that other work existed in significant numbers that Plaintiff could perform (R. 26-7), and therefore, the ALJ found Plaintiff was not disabled.

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff raises two issues on review: whether the ALJ applied correct legal standards to the opinions of the treating cardiologist and whether the allegations of pain and limitations were properly evaluated.  The Court reviews these issues in the context of the sequential evaluation used by the ALJ.

*The five step assessment*

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Plaintiff's objections go to the formulation of the RFC (steps two and three), where the burden of persuasion rested with Plaintiff.

*Weighing the Opinions of Treating Physicians*

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).)

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436 (11th Cir. 1997)*; Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. *See Edwards*, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements.)

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). When a treating physician's opinion does not warrant *controlling* weight, the ALJ must nevertheless weigh the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship; 3) the medical evidence supporting the opinion; 4) consistency with the record as a whole; 5) specialization in the medical issues at issue; 6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d).

Applied here, Plaintiff contends that the ALJ did not properly evaluate the opinions of his treating cardiologist, Dr. Amish Parikh. Specifically, Plaintiff argues that the ALJ failed to properly weigh an October 2009, Medical Assessment of Ability to do Work Related Activities (Physical) form which opined as to numerous limitations (R. 409-411), an October 2009 letter, which stated Dr. Parikh's opinion that Plaintiff "is a candidate for disability" (R. 408), and an October 2010 letter, in

which Dr. Parikh stated that Plaintiff "has had multiple hospital admissions," is "unable to work for a permanent amount of time," and is "disabled" (R. 407). According to Plaintiff, the ALJ "failed to even discuss Dr. Parikh's full opinion;" "failed to "state with particularity" what weight, if any, he accorded to Dr. Parikh's opinions; and, to the extent the opinions were rejected, the ALJ's reasons for doing so are not based on substantial evidence.

To the extent the treatment notes are opinions, the ALJ reviewed and summarized these notes, finding that they reveal "a history of congenital aortic stenosis that required an aortic valve replacement with a mechanical prosthesis when the claimant was a child. He has a history of dilated cardiomyopathy, hypertension, and hyperlipidemia" (R. 24). The ALJ observed that Plaintiff has been treated conservatively, through medication; noted that Plaintiff's "examinations have been unremarkable and do not contradict the limited RFC adopted here;" and found "the claimant's examination and treatment records do not reflect pain or other limitations that would prevent sedentary work" (R. 24). The ALJ next compared the objective treatment evidence with Plaintiff's allegations, noting:

> . . . Dr. Parikh noted multiple hospitalizations (Exhibit 13F/1), but I am unable to find documentation of hospital visits of the frequency or duration that would prevent sustained work. The claimant testified that he recently received a CPAP machine. The most-recent treatment records supplied by the claimant end in November 2009 (Exhibits 9F, l0F), and I do not find reference to a CPAP machine. In any event, the RFC adopted here specifies sedentary exertion, which I find to be a sufficient accommodation. The claimant testified that he has blackouts at least once a month, but, again, I do not find these documents. Dr. Parikh mentions dyspnea among the claimant's symptoms, but without specification (Exhibit 13F/1). The RFC adopted here accommodates this by ruling out hazards, such as heights, dangerous machines. The claimant testified that he is forced to be off his feet off and on during the day. Some degree of fatigue reasonably is to be expected due to the claimant's heart condition, but the objective evidence does not show examination results that would preclude sustained sedentary work.

(R. 25).

As for the October 2009 and 2010 opinions, the ALJ stated:

> I have considered carefully the statement and form submitted by Dr. Parikh in October 2010, in which he states that the claimant is disabled, with a sub-sedentary RFC (Exhibit 13F). I find that it is not controlling on the issue of disability (SSR 96-2p ). As discussed, I am unable to find objective evidence of the multiple hospital admissions referenced in the statement. Dr. Parikh's examinations of the claimant have not shown exacerbated symptoms. Other examination results are not inconsistent with the ability to sustain sedentary exertion, including a treadmill test in March 2009 (Exhibit l0F/18). I have also considered the expert opinion (SSR 96-6p) of the State agency physicians who reviewed the record in September 2009 (Exhibit 8F) and February 2010 (Exhibit 11 F). In both instances, they concluded that the claimant was capable of a limited range of light exertion. There is objective support for this conclusion, given the claimant's conservative treatment and essentially unremarkable examination results, but I have adopted a sedentary RFC to assure that all the claimant's limitations are accommodated.

(R. 25).

Although Plaintiff claims it is "impossible to tell which statement was actually considered by the ALJ," Exhibit 13F, explicitly referenced by the ALJ, includes *all* of the subject statements – the October 19, 2010 letter (R. 407), the October 20, 2009 letter (R. 408), and the form (R. 409-411).  The ALJ describes the conclusions contained in those documents (that Plaintiff is disabled, with a sub-sedentary RFC), and, along with the findings contained in the treating doctor's treatment notes, evaluated all of this evidence. Thus, there is no merit to the contention that the ALJ did not address and discuss all of Dr. Parikh's opinions.

The Court also finds that the ALJ complied with *Winschel* in setting forth the weight given to these opinions. The ALJ detailed the opinions and found them to be "not controlling on the issue of disability." Plaintiff contends that such a finding is not enough, in that the ALJ still must state whether he gave the opinions any weight. However, while the ALJ is required to state the weight given to the medical opinions, no particular formulation is required, as long as the findings are adequately explained with enough specificity to allow review.  Such is the case here.

As noted in the excerpts above, the ALJ discussed Dr. Parikh's findings, *and explicitly accommodated* some of the limitations, while *discrediting* others.  In addition to the above excerpts, the ALJ explained:

> The RFC adopted here specifies sedentary exertion. This provision addresses the claimant's fatigue and limitations in pace. It accommodates his shortness of breath through its limited requirements for standing and walking. The RFC specifies reduced range of motion and allows the alternating of sitting and standing, further accommodating any limitation in the claimant's ability to stand for prolonged period; this feature essentially eliminates standing as a requirement. The RFC eliminates hazards, which might be a threat due to the claimant's reported dyspnea and blackouts. I find that these provisions accommodate the shortcoming established on this record.

(R. 25).

The ALJ therefore discounted the opinions to the extent they purported to establish disabling limitations, but credited the opinions, to the extent they are not inconsistent with the RFC. In doing so, the ALJ stated "with particularity" certain accommodations which directly address the opinions and findings of Dr. Parikh.  The opinions were weighed in compliance with appropriate legal standards.  If these findings are supported by substantial evidence, there is no error.  Upon review, the Court finds this to be the case.

Plaintiff contends that the finding to discount the opinion of disability is not supported by substantial evidence because: 1) the lack of objective medical evidence of multiple hospital admissions is "not a basis to completely reject Dr. Parikh's expert opinion;" 2) there is record evidence of exacerbated symptoms, contrary to the ALJ's finding; and 3) the ability to walk on a treadmill for ten minutes is not indicative of an ability to work eight hours a day.

As Plaintiff notes in his brief, the opinion of a treating physician may be discredited on good cause and "'good cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F. 3d 1232, 1240 (11th Cir. 2003) (*citing Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)).  The

ALJ's finding of a lack of objective evidence of multiple hospitalizations[1] is a finding that the opinion

is not bolstered by the evidence the physician cites.[2]

As for the existence of other evidence which might support a different conclusion, such is not

persuasive.  The standard on review as set forth above is not whether the record evidence can support

a different finding; it is whether the finding made by the Commissioner is supported by the record

evidence. The findings here meet that standard.[3]

Lastly, the ALJ did not, as Plaintiff argues, "disregard the expert medical opinion . . . on the

basis [that] the claimant was able to walk ten minutes" (Brief at p. 13).  Rather, the ALJ discounted

the opinion on the basis of many factors, including that it was not consistent with the doctor's own

treatment notes (which showed unremarkable examinations), and it was inconsistent with other

evidence (including the treadmill test, among other objective tests noted, as well as the opinions of

other physicians). As all of these findings are adequately supported by substantial record evidence,

they should not be disturbed.

*Credibility*

Plaintiff last contention is that the ALJ erred in discrediting his allegations of pain and

limitations "just because they are not substantiated by objective evidence," citing 20 C.F.R.

§ 404.1529(c)(2) ("[w]e will not reject your statements about the intensity and persistence of your

pain or other symptoms or about the effect your symptoms have on your ability to work solely

because the available objective medical evidence does not substantiate your statements"); and Social

---

[1]Notably, Plaintiff does not contest the factual basis of this finding, which is supported by the record.

[2]There is no merit to Plaintiff's contention that the ALJ was obligated to contact Dr. Parikh to clarify this. Re-contacting a medical source is necessary only when the evidence received from the medical source is inadequate to determine whether the claimant is disabled. *See Couch v. Astrue,* 267 Fed.Appx. 853, 855 (11th Cir.2008) (finding the duty to recontact did not arise because the ALJ had all the records from the medical source and other substantial evidence supported the determination that claimant was not disabled). As Plaintiff does not point to records showing multiple hospital admissions and does not challenge the factual basis of this finding, it is unclear what there is to "clarify."

[3]Indeed, the treatment notes include a notation of: "Symptoms out of proportion to objective findings." (R.339).

-9-

Security Ruling 96-7p ("An individual's statements about the intensity and persistence of pain or

other symptoms or about the effect the symptoms have on his or her ability to work may not be

disregarded solely because they are not substantiated by objective medical evidence."). As pointed

out by the Commissioner, however, the ALJ did not rely *solely* on the lack of objective evidence when

he found Plaintiff's allegations were not entirely credible (R. 24-26).

When a claimant attempts to establish disability through subjective symptoms, the Eleventh

Circuit follows a three-part test that requires: "(1) evidence of an underlying medical condition and

either (2) objective medical evidence that confirms the severity of the alleged [symptom] arising from

that condition or (3) that the objectively determined medical condition is of such a severity that it can

be reasonably expected to give rise to the alleged [symptom]." *Holt v. Sullivan*, 921 F.2d 1221, 1223

(11th Cir. 1991).   If the objective medical evidence does not confirm the severity of the claimant's

alleged symptoms but the claimant establishes that she has an impairment that could reasonably be

expected to produce her alleged symptoms, the ALJ must evaluate the intensity and persistence of the

claimant's alleged symptoms and their effect on the claimant's ability to work. *See* 20 C.F.R. §§

404.1529(c), (d), 416.929(c), (d);[4] *Mack v. Commissioner of Soc. Sec.,* 420 Fed.Appx. 881, 883 (11th

Cir. 2011).

After considering a claimant's subjective complaints, the ALJ may reject them as not credible.

Where an ALJ decides not to credit a claimant's testimony about pain or limitations, the ALJ must

articulate specific and adequate reasons for doing so, or the record must be obvious as to the

credibility finding.  *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th

Cir. 1991) (articulated reasons must be based on substantial evidence).  A reviewing court will not

---

[4]Note that these regulations include an instruction to consider objective evidence in reaching a conclusion as to disability.

disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote,* 67 F.3d at 1562.

Here, the ALJ found: "the claimant's medically determinable impairments could reasonably be expected to cause some, but not all, of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (R. 24). The ALJ identified several reasons for this finding, noting Plaintiff's unremarkable examinations, the conservative course of treatment, the lack of medical documentation as to alleged *factual* occurrences (multiple hospitalizations, being prescribed a CPAP machine) (R. 24-25), and other evidence inconsistent with the allegations, such as the fact that Plaintiff worked part time at a desk job in 2010, but was laid off due to lack of work, but not due to an impairment (R. 23). Thus, Plaintiff's allegations were not discounted solely due to a lack of supporting medical evidence, but because the allegations were affirmatively inconsistent with the evidence of record. As the articulated reasons are based on substantial evidence, no error is shown.

## Conclusion

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1). The impairment must be severe, making the claimant unable to do his or her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2). The issue before the Court is whether the decision by the Commissioner that Plaintiff did not meet this standard is adequately supported by the evidence and was made in accordance with proper legal standards. As the Court finds that to be the case, it is **respectfully recommended** that the decision be **AFFIRMED**. If this recommendation is adopted, the Clerk

should be directed to enter judgment accordingly, terminate all pending matters, and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 4, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy